CLOSED

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GAIL THOMPSON, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **ORDER** |
| v. | Civil Action No. 09-4378 (DMC) |
| MARCUS, *et al.*, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Plaintiff, Gail Thompson, to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

**WHEREFORE** on August 26, 2009 Plaintiff filed a Complaint and the instant motion with this Court;

**WHEREFORE** on September 29, 2009, this Court entered an order finding that Ms. Thompson's "[c]omplaint fails to provide a comprehensible statement of the grounds upon which this Court's jurisdiction is proper and, further, fails to state a legal claim for relief";

**WHEREFORE** the Court permitted Plaintiff to amend her complaint to provide a more definite statement of facts in support of her claim(s);

**WHEREFORE** in response, Ms. Thompson wrote a letter to this Court wherein she detailed complaints she had regarding the conduct of a former attorney who represented her in legal proceeding that took place over a decade ago;

WHEREFORE despite holding Ms. Thompson's *pro se* submission to a "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520-21 (1972), this Court cannot identify a cognizable claim for relief within Plaintiff's submissions, or determine why any such claim would be properly brought in this Court;[1]

IT IS on this 23 day of February, 2010;

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* is **granted**; and it is further,

**ORDERED** that Plaintiff's Complaint is **dismissed**, as it fails to state a claim upon which relief may be granted.

Dennis M. Cavanaugh, U.S.D.J.

Original:   Clerk's Office
cc:         All Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File

---

[1] When a district court evaluates an application to proceed *in forma pauperis*, it must (1) determine whether a plaintiff is eligible for pauper status, and (2) screen the complaint to ascertain whether it is frivolous, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune to such relief. See Levine v. Florida, 2005 U.S. Dist. LEXIS 28148, at *1 (D.N.J. Nov. 16, 2005). Here, although Plaintiff satisfies the first requirement, her complaint must be dismissed under the second prong of the Court's analysis.